# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4602 | **DATE** | 2/3/2003 |
| **CASE TITLE** | Vetucci vs. Advance Transformer | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's Motion to Dismiss Counts Three and Four (R.7-1) is granted.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | FEB 4 - 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | 16 |
| | Copy to judge/magistrate judge. | | | |
| TH✓ | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



DOCKETED
FEB 4 - 2003

FEB 4 - 2003

| | |
|---|---|
| CHRISTINE VERTUCCI, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ADVANCE TRANSFORMER CO., a division of ) <br> Philips Electronics North America Corporation, ) <br> ) <br> Defendant. ) | No. 02 C 4602 |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Judge:

Defendant moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss counts three and four of Plaintiff's Complaint. Defendant's motion is granted for the reasons set forth below.

## FACTUAL BACKGROUND

Plaintiff, a former employee of Defendant Advance Transformer Co. ("Advance"), has sued Defendant in a four count complaint. Count one alleges that Defendant discriminated against Plaintiff on the basis of her age; count two alleges a violation of the Employee Retirement Income Security Act ("ERISA"); and counts three and four allege state law claims based on breach of contract. Counts three and four are the only counts at issue in this opinion.

Vertucci alleges that Advance's employee retirement plan contained a provision known as the "Rule of 85" which provided full retirement benefits to employees whose combined age and years with the company total "85." (*See* R. 1-1, Pl.'s Compl., ¶ 20.) Plaintiff contends that

1

Advance terminated her "less than sixty-five months before her 63rd birthday, at which time the retirement benefits to which she would be entitled under the "Rule of 85" would have substantially increased." (*Id.*) At the time Advance terminated her, Vertucci was 57 years old and had been employed by Advance for over 17 years. Vertucci further claims that Advance terminated her employment "with the specific intent of interfering with her vesting in additional retirement benefits to which she would have become entitled at the age of 63." (*Id.* ¶ 21.)

Furthermore, Plaintiff alleges that the "Rule of 85" promised full retirement benefits if [Advance employees] attained an age and experience with [Advance] that totaled 85 years." (*See* R. 1-1, Pl.'s Compl., ¶ 25.) Plaintiff contends that she relied on the Rule of 85 promise causing her to continue her employment at Advance and "forego other employment opportunities." (*Id.* ¶ 26.) Finally, Vertucci alleges that she conferred substantial benefits on Advance and consequently "had a reasonable expectation to be fairly paid for said benefits conferred, such payment including a good faith effort to allow Vertucci to continue with [Advance] until her "Rule of 85" benefits became vested." (*Id.* ¶ 29.)

## ANALYSIS

### I.   LEGAL STANDARDS

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of a complaint, not the merits of the case. *Triad Assocs., Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989); *Majchrowski v. Norwest Mortgage, Inc.*, 6 F.Supp.2d 946, 952 (N.D. Ill.1998). When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court considers "whether relief is possible under [any] set of facts that could

2

be established consistent with [the] allegations." *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992).

The Court views all the facts alleged in the complaint, as well as any reasonable inferences drawn from those facts, in the light most favorable to the plaintiff. *Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 675 (7th Cir. 2000); *Tatz v. Nanophase Techs. Corp.*, No. 01 C 8440, 2002 WL 31269485, at *3 (N.D. Ill. Oct. 9, 2002). Dismissal is appropriate only where it appears beyond doubt that under no set of facts would plaintiff's allegations entitle him to relief. *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999); *Kennedy v. National Juvenile Detention Ass'n*, 187 F.3d 690, 695 (7th Cir. 1999). The complaint, however, must allege that each element of a cause of action exists in order to withstand a motion to dismiss. *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). Furthermore, a plaintiff "cannot satisfy federal pleading requirements merely by attaching bare legal conclusions to narrated facts which fail to outline the bases of their claims." *Collins v. Snyder*, No. 02 C 4493, 2002 WL 31749173, at *1 (N.D. Ill. Dec. 2, 2002) (citations and quotations omitted).

## II.  ERISA PREEMPTS THE STATE LAW CLAIMS

Defendant Advance argues that counts three and four of Plaintiff's Complaint -- the state law claims for breach of contract -- are preempted by ERISA.[1] Plaintiff contends that ERISA does not preempt her state law claims because neither claim requires the Court to interpret Advance's retirement plan and because Plaintiff does not seek benefits available under the retirement plan.

---

[1] Given that the Court agrees that ERISA preempts Counts Three and Four, the Court need not address the state law claims.

Section 514(a) of ERISA provides, in relevant part, that ERISA "shall supersede any and all state laws insofar as they ... relate to any employee benefit plan." 29 U.S.C. § 1144(a). The Supreme Court has explained that "[a] law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has a connection with or reference to such a plan." *Shaw v. Delta Airlines*, 463 U.S. 85, 96-97, 103 S.Ct. 2890, 2899-900 (1983). "ERISA preemption is ... not limited to displacement of state laws affecting benefit plans, but rather extends to any state cause of action that has a connection or reference to an ERISA plan." *Central States S.E. & S.W. Areas Health and Welfare Fund v. Neurobehavioral Assocs. P.A.*, 53 F3d 172, 174 (7th Cir. 1995). Thus, ERISA preemption is very broad. *FMC Corp v. Holliday*, 498 U.S. 52, 58, 111 S.Ct. 403, 407 (1990) (ERISA's preemption claims is "conspicuous for its breadth").

The parties do not dispute that the Rule of 85 is part of Defendant's retirement plan and is, therefore, governed by ERISA. Plaintiff's claims clearly have "a connection with or reference to" the plan. Both state law counts are premised on the Rule of 85 and relate to an alleged promise and implied obligation in this ERISA governed plan. (*See* R. 1-1, Pl.'s Compl., ¶¶ 25, 27, 29.) ERISA, therefore, preempts these state law claims. *See Cook v. Exelon, Corp.*, No. 01 C 7406, 2002 WL 31133274 at *4 (N.D. Ill. Sept. 26, 2001)("where a claim alleges that an employer promised to create a pension plan with 'certain attributes' and did not live up to that promise, then the claim relates to a pension plan under ERISA").

Furthermore, Plaintiff admits in her response to Defendant's motion that her claims require an interpretation of the Rule of 85. She states, "The policy language in [Advance's] Pension Plan is clear. ... The provisions for normal retirement and the 'Rule of 85' contained in the Pension Plan can **reasonably be interpreted** as an inducement for permanent employment."

4

(*See* R. 12-1, Pl.'s Resp. to Mot. to Dismiss, p. 5.) Her allegations of reliance upon promises in the Rule of 85 depend on an interpretation of what promises, if any, were contained in Advance's Pension Plan. Further, Plaintiff's allegations that she reasonably expected Defendant to make "a good faith effort to allow [her] to continue with [Advance] until her 'Rule of 85' benefits became vested" requires the Court to interpret whether the Rule of 85 implied any such obligation.

Accordingly, ERISA preempts the breach of contract claims in counts three and four. *See Bowles v. Quantum Chemical Co.*, 266 F.3d 622, 631 (7th Cir. 2001) ("ERISA will preempt a state law breach of contract claim if the claim requires the Court to interpret or to apply the terms of an employee benefit plan").

## CONCLUSION

Defendant's Motion to Dismiss Counts Three and Four (R. 7-1) is granted.

DATED: February 3, 2003    ENTERED

_____
AMY J. ST. EVE
United States District Court Judge

5